**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**BAY CITY**

**IN THE MATTER OF:**

State Theatre of
Bay City/Bay County,

                         Debtor.

Bankruptcy Case No. 24-20261-dob
Honorable Daniel S. Opperman
Chapter 7

_____/

Randall L. Frank, Trustee,

                      Plaintiff,

v.

                      Adversary Proceeding No.

Clements Electric, Inc.,

Serenus Johnson & Son Construction Co., Inc.,

and

City of Bay City

                      Defendants.

_____/

**TRUSTEE'S COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11
U.S.C. §544(b), MCL §566.31 et seq., FOR RECOVERY OF THE VALUE OF
THE AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. §550 AND FOR
UNJUST ENRICHMENT**

      Trustee, Randall L. Frank ("Trustee"), by and through his attorneys, Beadle Smith, PLC, states for his Complaint to Avoid Transfers Pursuant to 11 U.S.C. §548(a)(1), §544(b), MCL §566.31 et seq., for Recovery of the Value of the Avoided Transfers Pursuant to 11 U.S.C. §550 and for Unjust Enrichment ("Complaint") as follows:

### Jurisdiction

      1.    Defendant, Clements Electric, Inc. ("Clements") is a Michigan corporation having an address of 204 S. Dean St., Bay City, MI 48706.

      2.    Rob Clements is the Resident Agent of Clements within the State of Michigan having a Registered Office Mailing address of 204 S. Dean St., P.O. Box 1501, Bay City, MI 48706.

3.     Defendant, Serenus Johnson & Son Construction Co., Inc. ("Serenus") is a Michigan corporation having an address of 5178 Kasemeyer Road, Bay City, MI 48706.

4.     Billy R. Woolwine, Jr. is the Resident Agent of Serenus within the State of Michigan having a Registered Office Mailing address of 5178 Kasemeyer Road, Bay City, MI 48706.

5.     Defendant, City of Bay City ("Bay City"), is a municipal corporation organized under the laws of the State of Michigan.

6.     Defendant Bay City has an address of 301 Washington Avenue, Bay City, MI 48708.

7.     This Court has jurisdiction to preside over this proceeding, pursuant to 28 U.S.C. § 1334.

8.     This adversary proceeding relates to the bankruptcy proceeding of State Theatre of Bay City/Bay County, United States Bankruptcy Court, Eastern District of Michigan, Case No. 24-20261.

9.     This Adversary Proceeding is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(H) and (O).

10.    Venue is proper in this Court pursuant to 28 U.S.C. §1408 and §1409.

## General Allegations

11.    On March 1, 2024, State Theatre of Bay City/Bay County ("Debtor") filed a Voluntary Petition under Chapter 7 of the Bankruptcy Reform Act of 1978 as Amended, Title 11 ("Petition Date").

12.    Randall L. Frank was appointed the duly qualified and acting Trustee in this matter.

13.    Bay City owns real property and improvements commonly known as Wenonah Park.

14.    Part of a Phase 2 for improvements to Wenonah Park, Bay City approved the construction of a new band shell ("Band Shell").

# COUNT I

## CLEMENTS ELECTRIC ONLY

### AVOIDANCE BY THE TRUSTEE OF THE TRANSFER MADE BY THE DEBTOR PURSUANT TO 11 U.S.C. §544 (b)(1) AND MCLA §566.35(1)

15. Trustee re-alleges the allegations contained in all paragraphs set forth above.

16. On or about June 26, 2020, Debtor entered into a promissory note with Bay County Growth Alliance, Inc. in the amount of $800,000 ("Alliance Loan") secured by a Commercial Mortgage attaching to the Debtor's primary asset, 913 Washington Avenue, Bay City, MI 48708.

17. On or about June 8, 2020, Debtor entered into a promissory note with the U.S. Small Business Administration in the amount of $150,000 ("SBA Loan") secured by an all asset lien on Debtor's personal property.

18. The proceeds of the Alliance Loan and SBA Loan were property of the Debtor.

19. Upon the execution and receipt of the Alliance Loan and SBA Loan, Debtor became insolvent.

20. Upon the execution and receipt of the Alliance Loan and SBA Loan, Debtor had real property valued less than $170,000 and miscellaneous personal property valued less than $40,000.00.

21. At all relevant times, Clements had a Miscellaneous Electrical Services Contract with Bay City for various City Departments.

22. On or about July 7, 2020, Debtor paid Invoice 19022 in the amount of $22,000.00 to Clements for services provided to Bay City for improvements to the Band Shell. Invoice 19022 is attached hereto as Exhibit 1.

23. Debtor was not obligated to pay for the services and materials comprising Invoice 19022.

24.     On or about August 5, 2020, Debtor paid Invoice 19213 in the amount of $13,100.00 to Clements for services provided to Bay City for improvements to the Band Shell.  Invoice 19213 is attached hereto as Exhibit 2.  (The payment of Invoice 19022 and 19213 are collectively referred to as the Clements Transfer).

25.     Debtor was not obligated to pay for the services and materials comprising Invoice 19213.

26.     The Clements Transfer was from proceeds of the Alliance Loan and the SBA Loan.

27.     Debtor did not receive anything of value in exchange for the Clements Transfer.

28.     Debtor did not receive reasonably equivalent value in exchange for the Clements Transfer.

29.     At the time of the Clements Transfer, Debtor's assets had a value of less $210,000.00 and Debtor had obligations in excess of $950,000.00 owed to Alliance and SBA.

30.     The Clements Transfer occurred within six years before the Petition Date.

31.     There exists creditors holding claims against the Debtor that existed before and after the Clements Transfer.

**WHEREFORE,** the Trustee prays that this Honorable Court enter a judgment against Clements avoiding the Clements Transfer pursuant to MCL §566.35(1) and for all other just and equitable relief this Court deems appropriate.

**COUNT II**

**SERENUS CONSTRUCTION ONLY**

**AVOIDANCE BY THE TRUSTEE OF THE TRANSFER MADE
BY THE DEBTOR PURSUANT TO 11 U.S.C. §544 (b)(1) AND MCLA
§566.35(1)**

32.     Trustee re-alleges the allegations contained in paragraphs one through fourteen set forth above.

33.     On or about June 26, 2020, Debtor entered into a promissory note with Bay County Growth Alliance, Inc. in the amount of $800,000 ("Alliance Loan") secured by a Commercial Mortgage attaching to the Debtor's primary asset, 913 Washington Avenue, Bay City, MI 48708.

34.     On or about June 8, 2020, Debtor entered into a promissory note with the U.S. Small Business Administration in the amount of $150,000 ("SBA Loan") secured by an all asset lien on Debtor's personal property.

35.     The proceeds of the Alliance Loan and SBA Loan were property of the Debtor.

36.     Upon the execution and receipt of the Alliance Loan and SBA Loan, Debtor became insolvent.

37.     Upon the execution and receipt of the Alliance Loan and SBA Loan, Debtor had real property valued less than $170,000 and miscellaneous personal property valued less than $40,000.00.

38.     Serenus entered into a contract with Bay City for the construction of the Band Shell ("Contract").  A copy of the contract is attached hereto as Exhibit 3.

39.     Debtor provided oversight for the project, however, Debtor was not a party to the Contract nor did it have any obligations under the Contract.

40.     Serenus received over $1.4 million in payments pursuant to the Contract.

41.     On or about July 2, 2020, Debtor paid Invoice 18037 in the amount of $218,307.08 to Serenus for services provided to Bay City for improvements to the

Band Shell pursuant to the Contract. Invoice 18037 and check are attached hereto as Exhibit 4.

42.     Debtor was not obligated to pay for the services and materials comprising Invoice 18037.

43.     On or about July 3, 2020, Debtor made a partial payment on Invoice 5 in the amount of $225,000.00 to Serenus for services provided to Bay City for improvements to the Band Shell pursuant to the Contract. Invoice 5 and check are attached hereto as Exhibit 5.

44.     Debtor was not obligated to pay for the services and materials comprising Invoice 5.

45.     On or about July27, 2020, Debtor made a final payment on Invoice 5 in the amount of $216,726.95 and a full payment on Invoice 6 in the amount of $66,338.90 to Serenus for services provided to Bay City for improvements to the Band Shell pursuant to the Contract. Invoice 5, Invoice 6 and check are attached hereto as Exhibit 6.

46.     Debtor was not obligated to pay for the services and materials comprising Invoice 5 or 6.

47.     On or about September 2, 2020, Debtor paid Invoice 7 in the amount of $242,357.76 to Serenus for services provided to Bay City for improvements to the Band Shell pursuant to the Contract. Invoice 7 and check are attached hereto as Exhibit 7.

48.     Debtor was not obligated to pay for the services and materials comprising Invoice 7. (The payment of Invoices 18037, 5, 6 and 7 are collectively referred to as the Serenus Transfer).

49.     The amount of $914,900.00 comprising the Serenus Transfer was paid from proceeds of the Alliance Loan and the SBA Loan.

50.     Debtor did not receive anything of value in exchange for the Serenus Transfer.

6

51.     Debtor did not receive reasonably equivalent value in exchange for the Serenus Transfer.

52.     At the time of the Serenus Transfer, Debtor's assets had a value of less $210,000.00 and Debtor had obligations in excess of $950,000.00 owed to Alliance and SBA.

53.     The Serenus Transfer occurred within six years before the Petition Date.

54.     There exists creditors holding claims against the Debtor that existed before and after the Sereuns Transfer.

**WHEREFORE,** the Trustee prays that this Honorable Court enter a judgment against Serenus avoiding the Serenus Transfer pursuant to MCL §566.35(1) and for all other just and equitable relief this Court deems appropriate.

## COUNT III
## CLEMENTS ELECTRIC AND BAY CITY ONLY
## RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. §550

55.     Trustee re-alleges and reincorporates paragraphs one through fourteen set forth above as though more fully set forth herein.

56.     The value of the avoided Clements Transfer is $35,100.00.

57.     Clements is the initial transferee of the Clements Transfer.

58.     Defendant, Bay City, is the entity for whose benefit the Clements Transfer was made.

WHEREFORE, Trustee prays that this Honorable Court enter a judgment in favor of Plaintiff and against Defendant Clements and Bay City, jointly and severally for the sum of $35,100.00, plus interest.

**COUNT IV**

**SERENUS CONSTURCTION AND BAY CITY ONLY**

**RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. §550**

59.     Trustee re-alleges and reincorporates paragraphs one through fourteen set forth above as though more fully set forth herein.

60.     The value of the avoided Serenus Transfer derived from the Alliance Loan and SBA Loan is $914,900.00.

61.     Serenus is the initial transferee of the Serenus Transfer.

62.     Defendant, Bay City, is the entity for whose benefit the Serenus Transfer was made.

WHEREFORE, Trustee prays that this Honorable Court enter a judgment in favor of Plaintiff and against Defendant Serenus and Bay City, jointly and severally for the sum of $914,900.00, plus interest.

**COUNT V**

**BAY CITY ONLY**

**UNJUST ENRICHMENT**

63.     Trustee re-alleges and reincorporates paragraphs one through fourteen set forth above as though more fully set forth herein.

64.     Wenonah Park Band Shell was improved from the Alliance Loan and SBA Loan proceeds in the amount of $950,000.00.

65.     Bay City had knowledge that the Debtor was utilizing its funds for improvements to the Wenonah Park Band Shell.

66.     Bay City participated in the approval and inspection of the Wenonah Park Band Shell before, during and after the improvements to the Wenonah Park Band Shell.

67.     Bay City's real property increased in value in excess of $950,000.00 due to the payments of the Debtor for the construction of the Wenonah Park Band Shell.

68.    Bay City received a benefit from Plaintiff as a result of Plaintiff's payments to contractors on the improvement to the Wenonah Park Band Shell.

69.    Debtor's use of the Alliance Loan and SBA Loan proceeds for payments on improvements to Bay City's Wenonah Park Band Shell caused the Debtor to be insolvent and unable to pay its creditors.

70.    The receipt and retention of the benefit by Bay City of Debtor's use of the Alliance Loan and SBA Loan proceeds for the improvements to Wenonah Park Band Shell is inequitable.

WHEREFORE, Trustee prays that this Honorable Court enter a judgment in favor of Plaintiff and against Defendant, Bay City in the amount of $950,000.00, plus interest.

Respectfully submitted,

BEADLE SMITH, PLC

By: /s/
Kevin M. Smith (P48976)
Attorneys for Trustee
P.O. Box 70656
Rochester Hills, MI 48307
(586) 850-1492
ksmith@bbssplc.com

Dated: 12/9/24

# EXHIBIT 1

# Invoice

**Clements Electric Inc.**
204 S. Dean St
PO Box 1501
Bay City, MI 48706

| DATE | INVOICE NO. |
|------|-------------|
| 6/17/2020 | 19022 |

PAID
07/07/2020

| BILL TO | JOB LOCATION |
|---------|--------------|
| City of Bay City<br>301 Washington<br>Bay City, MI 48708 | Band Shell |

| P.O. NO. | TERMS | DUE DATE |
|----------|-------|----------|
| N/A | Net 30 | 7/17/2020 |

| SERVICED | DESCRIPTION | AMOUNT |
|----------|-------------|--------|
| 6/15/2020 | Pay Request AIA #4 | 22,000.00 |

On Balances Overdue a
2.00% finance Charge
will be applied.

Clements Electric will now be accepting Visa, Master Card, and Discover.

| **Balance Due** | $0.00 |
|-----------------|-------|

| Phone # |
|---------|
| 989-892-4780 |



Frankenmuth Credit Union
580 N. Main St.
Frankenmuth, MI 48734
(989) 497-1600

CASHIER'S CHECK

74-80/3-2724

425439

VOID AFTER 180 DAYS

7/02/20   $*****22,000.00

PAY   TWENTY TWO THOUSAND & 00/100 *****************************************************

Memo: STATE THEATRE OF BAY CITY

TO THE
ORDER OF   CLEMENTS ELECTRIC INC.

Authorized Signature

⑈0004254539⑈ ⑆2724801311⑆000999112105⑈

---

ENDORSE HERE:

X _____

1211022962                                    MP

CLEMENTS ELECTRIC INC
FOR DEPOSIT ONLY
07241001                                      MP
MIDLAND, MICHIGAN 48640
CHEMICAL BANK AND TRUST COMPANY              MP
PAY TO THE ORDER OF
DO NOT SIGN / WRITE / STAMP BELOW THIS LINE
FOR FINANCIAL INSTITUTION USAGE ONLY*

05000375623>07241001 3<CB 0886

The security features listed below, as well as those
not listed, exceed industry guidelines.

Security Features:          Results of document alteration:
MicroPrint                  · Endorsement MicroPrint (MP) Signature
                              Lines - Small type appears as dotted
                              line when photocopied.
Security Screen             · Absence or modification of "Original
                              Document" screen on back of check.
Padlock Icon                · Absence of padlock icon.
℗ Padlock design is a certification mark of Check Payment Systems Association

# EXHIBIT 2

# Invoice

**Clements Electric Inc.**
204 S. Dean St
PO Box 1501
Bay City, MI 48706

PAID
08/05/2020

| DATE | INVOICE NO. |
|------|-------------|
| 7/17/2020 | 19213 |

| BILL TO | JOB LOCATION |
|---------|--------------|
| City of Bay City<br>301 Washington<br>Bay City, MI 48708 | Bandshell |

| P.O. NO. | TERMS | DUE DATE |
|----------|-------|----------|
| N/A | Net 30 | 8/16/2020 |

| SERVICED | DESCRIPTION | AMOUNT |
|----------|-------------|--------|
| 7/16/2020 | Pay App. AIA #5 | 13,100.00 |
|  | On Balances Overdue a 2.00% finance Charge will be applied. |  |

Clements Electric will now be accepting Visa, Master Card, and Discover.

| **Balance Due** | $0.00 |
|-----------------|-------|

| Phone # |
|---------|
| 989-892-4780 |



FOR SECURITY PURPOSES THE BACK OF THIS DOCUMENT CONTAINS A COLORED BACKGROUND AND MICROPRINTING

Frankenmuth Credit Union
580 N. Main St.
Frankenmuth MI 48734
(989) 497-1600

CASHIER'S CHECK

74-9013/2724

428174

VOID AFTER 180 DAYS

07/27/2020     $*****13,100.00

PAY   THIRTEEN THOUSAND ONE HUNDRED & 00/100 ********************************

Memo: STATE THEATRE OF BAY CITY

TO THE
ORDER OF    CLEMENTS ELECTRIC

*Nelue Schmitz, CEO*
Authorized Signature

Per Applicah #5

⑆000428174⑆ ⑈272460131⑈ 1000999112610511⑈

THE REVERSE SIDE OF THIS DOCUMENT INCLUDES AN ARTIFICIAL WATERMARK - HOLD AT AN ANGLE TO VIEW

ENDORSE HERE:

X _____
—————PAY-TO-THE-ORDER-OF—————      M⁹
CHEMICAL BANK AND TRUST COMPANY
MIDLAND, MICHIGAN 48640           M⁹
072410013
FOR DEPOSIT ONLY
CLEMENTS ELECTRIC, INC
DO NOT SIGN  WRITE  STAMP BELOW THIS LINE
FOR FINANCIAL INSTITUTION USAGE ONLY

05 0000 3 3 8 7 3 6 0 > 0 7 2 4 1 0 0 1 3 < C B   1 1 9 3

The security features listed below, as well as those
not listed, exceed industry guidelines.

Security Features:          Results of document alteration:
MicroPrint                  · Endorsement MicroPrint (M⁹) Signature
                              Lines - Small type appears as dotted
                              line when photocopied.
                            · Absence or modification of "Original
Security Screen               Document" screen on back of check.
Padlock Icon                · Absence of padlock icon.

® Padlock design is a certification mark of Check Payment Systems Ass...

# EXHIBIT 3



# AIA® Document A101™ – 2017

## Standard Form of Agreement Between Owner and Contractor *where the basis of payment is a Stipulated Sum*

**AGREEMENT** made as of the Twenty-sixth day of November in the year Two Thousand Nineteen
*(In words, indicate day, month and year.)*

**BETWEEN** the Owner:
*(Name, legal status, address and other information)*

City of Bay City, thru Bay City State Theatre
913 Washington Ave.
Bay City, Michigan
48708

and the Contractor:
*(Name, legal status, address and other information)*

Serenus Johnson Construction, Inc.
5178 Kasemeyer Road
Bay City, Michigan
48707

for the following Project:
*(Name, location and detailed description)*

Bay City Wenonah Park - Phase 2 - New Band Shell
Bay City, Michigan
Demolition of the existing Band Shell and construction of a New Band Shell structure.

The Architect:
*(Name, legal status, address and other information)*

William A. Kibbe & Associates, Inc.
1475 S. Washington Ave.
Saginaw, Michigan
48601

The Owner and Contractor agree as follows.

**ADDITIONS AND DELETIONS:**
The author of this document has added information needed for its completion. The author may also have revised the text of the original AIA standard form. An *Additions and Deletions Report* that notes added information as well as revisions to the standard form text is available from the author and should be reviewed. A vertical line in the left margin of this document indicates where the author has added necessary information and where the author has added to or deleted from the original AIA text.

This document has important legal consequences. Consultation with an attorney is encouraged with respect to its completion or modification.

The parties should complete A101™–2017, Exhibit A, Insurance and Bonds, contemporaneously with this Agreement. AIA Document A201™–2017, General Conditions of the Contract for Construction, is adopted in this document by reference. Do not use with other general conditions unless this document is modified.

**Init.**

**/**

AIA Document A101™ – 2017. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997, 2007 and 2017 by The American Institute of Architects. **All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law.** This document was produced by AIA software at 14:38:38 ET on 12/06/2019 under Order No. 4641382936 which expires on 01/30/2020, and is not for resale.
**User Notes:** (3B9ADA42)

1

## TABLE OF ARTICLES

1 THE CONTRACT DOCUMENTS

2 THE WORK OF THIS CONTRACT

3 DATE OF COMMENCEMENT AND SUBSTANTIAL COMPLETION

4 CONTRACT SUM

5 PAYMENTS

6 DISPUTE RESOLUTION

7 TERMINATION OR SUSPENSION

8 MISCELLANEOUS PROVISIONS

9 ENUMERATION OF CONTRACT DOCUMENTS

EXHIBIT A    INSURANCE AND BONDS

## ARTICLE 1    THE CONTRACT DOCUMENTS
The Contract Documents consist of this Agreement, Conditions of the Contract (General, Supplementary, and other Conditions), Drawings, Specifications, Addenda issued prior to execution of this Agreement, other documents listed in this Agreement, and Modifications issued after execution of this Agreement, all of which form the Contract, and are as fully a part of the Contract as if attached to this Agreement or repeated herein. The Contract represents the entire and integrated agreement between the parties hereto and supersedes prior negotiations, representations, or agreements, either written or oral. An enumeration of the Contract Documents, other than a Modification, appears in Article 9.

## ARTICLE 2    THE WORK OF THIS CONTRACT
The Contractor shall fully execute the Work described in the Contract Documents, except as specifically indicated in the Contract Documents to be the responsibility of others.

## ARTICLE 3    DATE OF COMMENCEMENT AND SUBSTANTIAL COMPLETION
§ 3.1 The date of commencement of the Work shall be:
*(Check one of the following boxes.)*

[ **X** ]    The date of this Agreement.

[    ]    A date set forth in a notice to proceed issued by the Owner.

[    ]    Established as follows:
> *(Insert a date or a means to determine the date of commencement of the Work.)*


If a date of commencement of the Work is not selected, then the date of commencement shall be the date of this Agreement.

§ 3.2 The Contract Time shall be measured from the date of commencement of the Work.

### § 3.3 Substantial Completion
§ 3.3.1 Subject to adjustments of the Contract Time as provided in the Contract Documents, the Contractor shall achieve Substantial Completion of the entire Work:

**Init.**

**/**

AIA Document A101™ – 2017. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997, 2007 and 2017 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 16:58:34 ET on 52/06/2019 under Order No. 4807536304 which expires on 8/30/2020, and is not for resale.

User Notes:                                                                                                                          (3B9ADA42)

*(Check one of the following boxes and complete the necessary information.)*

[   ]   Not later than   (   ) calendar days from the date of commencement of the Work.

[ **X** ]   By the following date: June 1, 2020

**§ 3.3.2** Subject to adjustments of the Contract Time as provided in the Contract Documents, if portions of the Work are to be completed prior to Substantial Completion of the entire Work, the Contractor shall achieve Substantial Completion of such portions by the following dates:

| Portion of Work | Substantial Completion Date |
|---|---|

**§ 3.3.3** If the Contractor fails to achieve Substantial Completion as provided in this Section 3.3, liquidated damages, if any, shall be assessed as set forth in Section 4.5.

## ARTICLE 4   CONTRACT SUM
**§ 4.1** The Owner shall pay the Contractor the Contract Sum in current funds for the Contractor's performance of the Contract. The Contract Sum shall be One Million One Hundred Twenty-nine Thousand Seven Hundred Ninety-four Dollars and Zero Cents ($ 1,129,794.00 ), subject to additions and deductions as provided in the Contract Documents.

**§ 4.2 Alternates**
**§ 4.2.1** Alternates, if any, included in the Contract Sum:

| Item | Price |
|---|---|

**§ 4.2.2** Subject to the conditions noted below, the following alternates may be accepted by the Owner following execution of this Agreement. Upon acceptance, the Owner shall issue a Modification to this Agreement.
*(Insert below each alternate and the conditions that must be met for the Owner to accept the alternate.)*

| Item | Price | Conditions for Acceptance |
|---|---|---|
| Alternate #1 - Fill cracks in stage floor | Add $ 3,140.00 | to be determined later |
| Alternate #2 - Coating over the stage floor | Add $ 14,411.00 | to be determined later |
| Remove and replace concrete stage floor | Add $ 32,224.00 | to be determined later |

**§ 4.3** Allowances, if any, included in the Contract Sum:
*(Identify each allowance.)*

| Item | Price |
|---|---|
| Layout Allowance | $3,000.00, included in base bid |

**§ 4.4** Unit prices, if any:
*(Identify the item and state the unit price and quantity limitations, if any, to which the unit price will be applicable.)*

| Item | Units and Limitations | Price per Unit ($0.00) |
|---|---|---|
| Unit Price #1 - Additional pile length | per 10' of pile length | $1,760.00 |
| Unit Price #2 - Additional piles | per additional pile | $2,650.00 |
| Unit Price #3 - Unsuitable soil | per cubic yard | $39.00 |

**§ 4.5** Liquidated damages, if any:
*(Insert terms and conditions for liquidated damages, if any.)*

$1,000.00 per calendar day

**§ 4.6** Other:

**Init.**

**AIA Document A101™ – 2017.** Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997, 2007 and 2017 by The American Institute of Architects. **All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law.** This document was produced by AIA software at 16:38:25 ET on 12/06/2019 under Order No. 4601135959 which expires on 07/30/2020, and is not for resale.
**User Notes:**   (3B9ADA42)

3

*(Insert provisions for bonus or other incentives, if any, that might result in a change to the Contract Sum.)*

## ARTICLE 5 PAYMENTS
### § 5.1 Progress Payments
§ 5.1.1 Based upon Applications for Payment submitted to the Architect by the Contractor and Certificates for Payment issued by the Architect, the Owner shall make progress payments on account of the Contract Sum to the Contractor as provided below and elsewhere in the Contract Documents.

§ 5.1.2 The period covered by each Application for Payment shall be one calendar month ending on the last day of the month, or as follows:

§ 5.1.3 Provided that an Application for Payment is received by the Architect not later than the    day of a month, the Owner shall make payment of the amount certified to the Contractor not later than the    day of the    month. If an Application for Payment is received by the Architect after the application date fixed above, payment of the amount certified shall be made by the Owner not later than    (    ) days after the Architect receives the Application for Payment.
*(Federal, state or local laws may require payment within a certain period of time.)*

§ 5.1.4 Each Application for Payment shall be based on the most recent schedule of values submitted by the Contractor in accordance with the Contract Documents. The schedule of values shall allocate the entire Contract Sum among the various portions of the Work. The schedule of values shall be prepared in such form, and supported by such data to substantiate its accuracy, as the Architect may require. This schedule of values shall be used as a basis for reviewing the Contractor's Applications for Payment.

§ 5.1.5 Applications for Payment shall show the percentage of completion of each portion of the Work as of the end of the period covered by the Application for Payment.

§ 5.1.6 In accordance with AIA Document A201™–2017, General Conditions of the Contract for Construction, and subject to other provisions of the Contract Documents, the amount of each progress payment shall be computed as follows:

§ 5.1.6.1 The amount of each progress payment shall first include:
- .1 That portion of the Contract Sum properly allocable to completed Work;
- .2 That portion of the Contract Sum properly allocable to materials and equipment delivered and suitably stored at the site for subsequent incorporation in the completed construction, or, if approved in advance by the Owner, suitably stored off the site at a location agreed upon in writing; and
- .3 That portion of Construction Change Directives that the Architect determines, in the Architect's professional judgment, to be reasonably justified.

§ 5.1.6.2 The amount of each progress payment shall then be reduced by:
- .1 The aggregate of any amounts previously paid by the Owner;
- .2 The amount, if any, for Work that remains uncorrected and for which the Architect has previously withheld a Certificate for Payment as provided in Article 9 of AIA Document A201–2017;
- .3 Any amount for which the Contractor does not intend to pay a Subcontractor or material supplier, unless the Work has been performed by others the Contractor intends to pay;
- .4 For Work performed or defects discovered since the last payment application, any amount for which the Architect may withhold payment, or nullify a Certificate of Payment in whole or in part, as provided in Article 9 of AIA Document A201–2017; and
- .5 Retainage withheld pursuant to Section 5.1.7.

### § 5.1.7 Retainage
§ 5.1.7.1 For each progress payment made prior to Substantial Completion of the Work, the Owner may withhold the following amount, as retainage, from the payment otherwise due:

**Init.**

**/**

AIA Document A101™ – 2017. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997, 2007 and 2017 by The American Institute of Architects. **All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law.** This document was produced by AIA software at 18:36:37 on 52/09/2019 under Order No. 4507133335 which expires on 07/30/2020, and is not for resale.
**User Notes:** (3B9ADA42)

**4**

*(Insert a percentage or amount to be withheld as retainage from each Application for Payment. The amount of retainage may be limited by governing law.)*

10%

**§ 5.1.7.1.1** The following items are not subject to retainage:
*(Insert any items not subject to the withholding of retainage, such as general conditions, insurance, etc.)*

General Conditions and Bonds, Insurances & Permits per the attached letter dated December 30, 2019.

**§ 5.1.7.2** Reduction or limitation of retainage, if any, shall be as follows:
*(If the retainage established in Section 5.1.7.1 is to be modified prior to Substantial Completion of the entire Work, including modifications for Substantial Completion of portions of the Work as provided in Section 3.3.2, insert provisions for such modifications.)*

**§ 5.1.7.3** Except as set forth in this Section 5.1.7.3, upon Substantial Completion of the Work, the Contractor may submit an Application for Payment that includes the retainage withheld from prior Applications for Payment pursuant to this Section 5.1.7. The Application for Payment submitted at Substantial Completion shall not include retainage as follows:
*(Insert any other conditions for release of retainage upon Substantial Completion.)*

**§ 5.1.8** If final completion of the Work is materially delayed through no fault of the Contractor, the Owner shall pay the Contractor any additional amounts in accordance with Article 9 of AIA Document A201–2017.

**§ 5.1.9** Except with the Owner's prior approval, the Contractor shall not make advance payments to suppliers for materials or equipment which have not been delivered and stored at the site.

**§ 5.2 Final Payment**
**§ 5.2.1** Final payment, constituting the entire unpaid balance of the Contract Sum, shall be made by the Owner to the Contractor when
    **.1** the Contractor has fully performed the Contract except for the Contractor's responsibility to correct Work as provided in Article 12 of AIA Document A201–2017, and to satisfy other requirements, if any, which extend beyond final payment; and
    **.2** a final Certificate for Payment has been issued by the Architect.

**§ 5.2.2** The Owner's final payment to the Contractor shall be made no later than 30 days after the issuance of the Architect's final Certificate for Payment, or as follows:

**§ 5.3 Interest**
Payments due and unpaid under the Contract shall bear interest from the date payment is due at the rate stated below, or in the absence thereof, at the legal rate prevailing from time to time at the place where the Project is located.
*(Insert rate of interest agreed upon, if any.)*

%

**ARTICLE 6   DISPUTE RESOLUTION**
**§ 6.1 Initial Decision Maker**
The Architect will serve as the Initial Decision Maker pursuant to Article 15 of AIA Document A201–2017, unless the parties appoint below another individual, not a party to this Agreement, to serve as the Initial Decision Maker.

Init.

/

**AIA Document A101™ – 2017.** Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997, 2007 and 2017 by The American Institute of Architects. **All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law.** This document was produced by AIA software at 16:55:45 ET on 02/20/2019 under Order No. 4847303936 which expires on 01/08/2020, and is not for resale.
**User Notes:** (3B9ADA36)

5

Case 26-20026   Claim 106   Filed 12/09/24   Entered 12/09/24 11:55:42   Page 21 of 54

*(If the parties mutually agree, insert the name, address and other contact information of the Initial Decision Maker, if other than the Architect.)*

## § 6.2 Binding Dispute Resolution
For any Claim subject to, but not resolved by, mediation pursuant to Article 15 of AIA Document A201–2017, the method of binding dispute resolution shall be as follows:
*(Check the appropriate box.)*

[   ]   Arbitration pursuant to Section 15.4 of AIA Document A201–2017

[   ]   Litigation in a court of competent jurisdiction

[   ]   Other *(Specify)*

If the Owner and Contractor do not select a method of binding dispute resolution, or do not subsequently agree in writing to a binding dispute resolution method other than litigation, Claims will be resolved by litigation in a court of competent jurisdiction.

## ARTICLE 7   TERMINATION OR SUSPENSION
**§ 7.1** The Contract may be terminated by the Owner or the Contractor as provided in Article 14 of AIA Document A201–2017.

**§ 7.1.1** If the Contract is terminated for the Owner's convenience in accordance with Article 14 of AIA Document A201–2017, then the Owner shall pay the Contractor a termination fee as follows:
*(Insert the amount of, or method for determining, the fee, if any, payable to the Contractor following a termination for the Owner's convenience.)*

**§ 7.2** The Work may be suspended by the Owner as provided in Article 14 of AIA Document A201–2017.

## ARTICLE 8   MISCELLANEOUS PROVISIONS
**§ 8.1** Where reference is made in this Agreement to a provision of AIA Document A201–2017 or another Contract Document, the reference refers to that provision as amended or supplemented by other provisions of the Contract Documents.

**§ 8.2** The Owner's representative:
*(Name, address, email address, and other information)*

Mr. Michael Bacigalupo, Chief Operating Officer
Bay City State Theatre
913 Washington Ave.
Bay City, Michigan
48708

**§ 8.3** The Contractor's representative:
*(Name, address, email address, and other information)*

Mr. Joel A. Keister, Vice-President
Serenus Johnson Constuction, Inc.

**Init.**

**/**

AIA Document A101™ – 2017. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997, 2007 and 2017 by The American Institute of Architects. **All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law.** This document was produced by AIA software at 16:36:30 ET on 12/06/2022 under Order No. 4801133333 which expires on 01/30/2020, and is not for resale.
**User Notes:**                                                                                                (3B9ADA42)

**6**

5178 Kasemeyer Road
Bay City, Michigan
48707

**§ 8.4** Neither the Owner's nor the Contractor's representative shall be changed without ten days' prior notice to the other party.

**§ 8.5 Insurance and Bonds**
**§ 8.5.1** The Owner and the Contractor shall purchase and maintain insurance as set forth in AIA Document A101™– 2017, Standard Form of Agreement Between Owner and Contractor where the basis of payment is a Stipulated Sum, Exhibit A, Insurance and Bonds, and elsewhere in the Contract Documents.

**§ 8.5.2** The Contractor shall provide bonds as set forth in AIA Document A101™–2017 Exhibit A, and elsewhere in the Contract Documents.

**§ 8.6** Notice in electronic format, pursuant to Article 1 of AIA Document A201–2017, may be given in accordance with AIA Document E203™–2013, Building Information Modeling and Digital Data Exhibit, if completed, or as otherwise set forth below:
*(If other than in accordance with AIA Document E203–2013, insert requirements for delivering notice in electronic format such as name, title, and email address of the recipient and whether and how the system will be required to generate a read receipt for the transmission.)*

**§ 8.7** Other provisions:

**ARTICLE 9 ENUMERATION OF CONTRACT DOCUMENTS**
**§ 9.1** This Agreement is comprised of the following documents:
 .1 AIA Document A101™–2017, Standard Form of Agreement Between Owner and Contractor
 .2 AIA Document A101™–2017, Exhibit A, Insurance and Bonds
 .3 AIA Document A201™–2017, General Conditions of the Contract for Construction
 .4 AIA Document E203™–2013, Building Information Modeling and Digital Data Exhibit, dated as
   indicated below:
    *(Insert the date of the E203-2013 incorporated into this Agreement.)*

 .5 Drawings

| Number | Title | Date |
|---|---|---|
| TS, C1.2, C2.2, C3.2, C4.2, C6.1, A0.0, A1.0, A1.1, A2.1, A4.0, A5.0, S0.0, S1.0, S2.0, S3.0, S5.0, S5.1, S6.1, S6.2, S6.3, S6.4, E0.0, E1.0, E2.0, E3.0, E4.0, E6.0. | Issued For Bid | 08-03-18 |

 .6 Specifications

| Section | Title | Date | Pages |
|---|---|---|---|
| Sections 000050 thru 334600 | see specifications | August 3, 2018 | all |

 .7 Addenda, if any:

AIA Document A101™ – 2017. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997, 2007 and 2017 by The American Institute of Architects. **All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law.** This document was produced by AIA software at 15:53:42 ET on 02/06/2019 under Order No. 4807133333 which expires on 01/30/2020, and is not for resale.
User Notes: (3B9ADA42)

7

| Number | Date | Pages |
|--------|------|-------|
| Addendum No. 1 | August 16, 2018 | 6 pages |
| Addendum No. 2 | August 21, 2018 | 2 pages |

Portions of Addenda relating to bidding or proposal requirements are not part of the Contract Documents unless the bidding or proposal requirements are also enumerated in this Article 9.

.8 Other Exhibits:
*(Check all boxes that apply and include appropriate information identifying the exhibit where required.)*

[ ] AIA Document E204™–2017, Sustainable Projects Exhibit, dated as indicated below:
(Insert the date of the E204-2017 incorporated into this Agreement.)

[ ] The Sustainability Plan:

| Title | Date | Pages |
|-------|------|-------|

[ X ] Supplementary and other Conditions of the Contract:

| Document | Title | Date | Pages |
|----------|-------|------|-------|
| Revised Bid Proposal | Wenonah Park Phase 2 - New Band Shell Renovation Project | November 20, 2019 | 1 page |

.9 Other documents, if any, listed below:
*(List here any additional documents that are intended to form part of the Contract Documents. AIA Document A201™–2017 provides that the advertisement or invitation to bid, Instructions to Bidders, sample forms, the Contractor's bid or proposal, portions of Addenda relating to bidding or proposal requirements, and other information furnished by the Owner in anticipation of receiving bids or proposals, are not part of the Contract Documents unless enumerated in this Agreement. Any such documents should be listed here only if intended to be part of the Contract Documents.)*

This Agreement entered into as of the day and year first written above.

_____          _____
OWNER *(Signature)*                        CONTRACTOR *(Signature)*

_____          _____
*(Printed name and title)*                 *(Printed name and title)*

**Init.**

*/*

AIA Document A101™ – 2017. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997, 2007 and 2017 by The American Institute of Architects. **All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law.** This document was produced by AIA software at 16:58:36 ET on 02/06/2020 under Order No. 4601133333 which expires on 01/30/2020, and is not for resale.
**User Notes:** (3B9ADA42)

**8**

# Additions and Deletions Report for
## AIA® Document A101™ – 2017

This Additions and Deletions Report, as defined on page 1 of the associated document, reproduces below all text the author has added to the standard form AIA document in order to complete it, as well as any text the author may have added to or deleted from the original AIA text. Added text is shown underlined. Deleted text is indicated with a horizontal line through the original AIA text.

Note: This Additions and Deletions Report is provided for information purposes only and is not incorporated into or constitute any part of the associated AIA document. This Additions and Deletions Report and its associated document were generated simultaneously by AIA software at 14:38:38 ET on 12/06/2019.

PAGE 1

**AGREEMENT** made as of the Twenty-sixth day of November in the year Two Thousand Nineteen

...

City of Bay City, thru Bay City State Theatre
913 Washington Ave.
Bay City, Michigan
48708

...

Serenus Johnson Construction, Inc.
5178 Kasemeyer Road
Bay City, Michigan
48707

...

Bay City Wenonah Park - Phase 2 - New Band Shell
Bay City, Michigan
Demolition of the existing Band Shell and construction of a New Band Shell structure.

...

William A. Kibbe & Associates, Inc.
1475 S. Washington Ave.
Saginaw, Michigan
48601

PAGE 2

[ **X** ]   The date of this Agreement.

PAGE 3

[ **X** ]   By the following date: June 1, 2020

...

**§ 4.1** The Owner shall pay the Contractor the Contract Sum in current funds for the Contractor's performance of the Contract. The Contract Sum shall be One Million One Hundred Twenty-nine Thousand Seven Hundred Ninety-four

Additions and Deletions Report for AIA Document A101™ – 2017. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997, 2007 and 2017 by The American Institute of Architects. **All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and** criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 14:38:38 ET on 12/06/2019 under Order No. 4601133333 which expires on 01/30/2020, and is not for resale.
**User Notes:**                                                                                                                (3B9ADA42)

1

<u>Dollars and Zero Cents</u> ($ <u>1,129,794.00</u> ), subject to additions and deductions as provided in the Contract Documents.

...

| | | |
|---|---|---|
| <u>Alternate #1 - Fill cracks in stage floor</u> | <u>Add $ 3,140.00</u> | <u>to be determined later</u> |
| <u>Alternate #2 - Coating over the stage floor</u> | <u>Add $ 14,411.00</u> | <u>to be determined later</u> |
| <u>Remove and replace concrete stage floor</u> | <u>Add $ 32,224.00</u> | <u>to be determined later</u> |

...

| | |
|---|---|
| <u>Layout Allowance</u> | <u>$3,000.00, included in base bid</u> |

...

| | | |
|---|---|---|
| <u>Unit Price #1 - Additional pile length</u> | <u>per 10' of pile length</u> | <u>$1,760.00</u> |
| <u>Unit Price #2 - Additional piles</u> | <u>per additional pile</u> | <u>$2,650.00</u> |
| <u>Unit Price #3 - Unsuitable soil</u> | <u>per cubic yard</u> | <u>$39.00</u> |

...

<u>$1,000.00 per calendar day</u>

**PAGE 5**

<u>10%</u>

...

<u>General Conditions and Bonds, Insurances & Permits per the attached letter dated December 30, 2019.</u>

**PAGE 6**

<u>Mr. Michael Bacigalupo, Chief Operating Officer</u>
<u>Bay City State Theatre</u>
<u>913 Washington Ave.</u>
<u>Bay City, Michigan</u>
<u>48708</u>

...

<u>Mr. Joel A. Keister, Vice-President</u>
<u>Serenus Johnson Constuction, Inc.</u>
<u>5178 Kasemeyer Road</u>
<u>Bay City, Michigan</u>
<u>48707</u>

**PAGE 7**

| | | |
|---|---|---|
| <u>TS, C1.2, C2.2, C3.2, C4.2, C6.1,</u> | <u>Issued For Bid</u> | <u>08-13-18</u> |
| <u>A0.0, A1.0, A1.1, A2.1, A4.0,</u> | | |
| <u>A5.0, S0.0, S1.0, S2.0, S3.0, S5.0,</u> | | |
| <u>S5.1, S6.1, S6.2, S6.3, S6.4, E0.0,</u> | | |
| <u>E1.0, E2.0, E3.0, E4.0, E6.0.</u> | | |

**Additions and Deletions Report for AIA Document A101™ – 2017.** Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997, 2007 and 2017 by The American Institute of Architects. **All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law.** This document was produced by AIA software at 14:55 ET on 12/30/2019 under Order No. 4801133333 which expires on 01/30/2020, and is not for resale.
**User Notes:** (3B9ADA36)

24-20261-jqb Doc 106 Filed 12/09/24 Entered 12/09/24 11:55:42 Page 26 of 54

...

| | | | |
|---|---|---|---|
| Sections 000050 thru 334600 | see specifications | August 3, 2018 | all |

**PAGE 8**

| | | |
|---|---|---|
| Addendum No. 1 | August 16, 2018 | 6 pages |
| Addendum No. 2 | August 21, 2018 | 2 pages |

...

[ X ]    Supplementary and other Conditions of the Contract:

...

| | | |
|---|---|---|
| Revised Bid Proposal | Wenonah Park Phase 2 - New Band Shell Renovation Project | November 20, 2019 | 1 page |

**Additions and Deletions Report for AIA Document A101™ – 2017.** Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997, 2007 and 2017 by The American Institute of Architects. **All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law.** This document was produced by AIA software at 10:16:55 ET on 12/06/2024 under Order No. 4000G3389 which expires on 4/8/2025, and is not for resale.
**User Notes:**                                                                                                                    (3B9ADA36)

3

# Certification of Document's Authenticity
## AIA® Document D401™ – 2003

I, , hereby certify, to the best of my knowledge, information and belief, that I created the attached final document simultaneously with its associated Additions and Deletions Report and this certification at 14:38:38 ET on 12/06/2019 under Order No. 4801133333 from AIA Contract Documents software and that in preparing the attached final document I made no changes to the original text of AIA® Document A101™ - 2017, Standard Form of Agreement Between Owner and Contractor where the basis of payment is a Stipulated Sum, as published by the AIA in its software, other than those additions and deletions shown in the associated Additions and Deletions Report.

_____
(Signed)

PROJECT ARCHITECT
_____
(Title)

12 - 30 - 19
_____
(Dated)

**AIA Document D401™ – 2003. Copyright © 1992 and 2003** by The American Institute of Architects. **All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law.** This document was produced by AIA software at 14:38:38 ET on 12/06/2019 under Order No. 4801133333 which expires on 01/30/2020, and is not for resale.
(3BBA42)

1



**SERENUS Johnson CONSTRUCTION**

**BUILDING INTO THE NEXT CENTURY**

5178 KASEMEYER RD.
P.O. BOX 800
BAY CITY, MI 48707-0800
989.686.1900
FAX: 989.686.9970
www.serenusjohnson.com

November 20, 2019

**Don Haeger, RA, AIA**
**William A. Kibbe & Associates, Inc.**
**1475 S. Washington Ave.**
**Saginaw, MI 48708**

Re: Wenonah Park Phase 2 - New Band Shell Renovation Project

We are pleased to submit for your consideration, our firm prices listed below per the provided plans and specifications. Addendum #1 dated 8/16/18 and Addendum #2 dated 8/21/18 have been observed:

Combined Base Bid:          **$1,129,794.00**

Alternate Bid #1 – **ADD**:    **$3,140.00**
Alternate Bid #2 – **ADD**:    **$14,411.00**
Alternate Bid #3 – **ADD** the following:

    **A.**    **$627.00**
    **B.**    **$1,061.00**
    **C.**    **$1,196.00**
    **D.**    **$810.00**
    **E.**    **$2,849.00**
    **F.**    **$922.00**

Alternate Bid #4 – **ADD**:    **$5,983.00**
Unit Price #1 – **ADD**:    **$1,760.00 per 10' length**
Unit Price #2 – **ADD**:    **$2,650.00**
Unit Price #3:    **$39.00 per cu. yd.**

Structural Stage Slab Removal & Replacement – **ADD**:    **$32,224.00**
The above price incorporates saving existing grade beams and original hook bars. A new #5 @ 12" OC reinforcing mat will be installed matching the original provided plans dated 8/8/60. Testing is by the owner.

Changes In Work:
- Work performed by own forces:    **15%**
- Word under subcontract:    **10%**

Voluntary Alternate:
- Deduct **$4,750** from combined base bid amount above if installing Sarnafil 60 mil self-adhering membrane in lieu of the specified adhered felt backed 6-410 membrane is acceptable.

If you have any questions, please feel free to contact myself at 989.859.2434. Thank you for the opportunity to submit this proposal.

Sincerely,

Joel A. Keister
**Serenus Johnson Construction**
Vice President
989.859.2434 **Cell**
jkeister@serenusjohnson.com **Email**



# Westfield Insurance Company

Westfield Group® 1 Park Circle, PO Box 5001, Westfield Center, Ohio 44251-5001

**Bond No.** 9866841

*Conforms to Document A312™ - 2010*

## Performance Bond

**CONTRACTOR:**
*(Name, legal status and address)*

Serenus Johnson & Son Construction Co., Inc.

5178 S. Kasemeyer

Bay City, MI 48706

**OWNER:**
*(Name, legal status and address)*

City of Bay City, thru Bay City State Theatre

913 Washington Ave.

Bay City, MI 48708

**CONSTRUCTION CONTRACT**
Date: November 26, 2019
Amount: $1,129,794.00
Description:
*(Name and location)*

Bay City Wenonah Park - Phase 2 - New Band Shell, Bay City, Michigan
Demolition of the existing Band Shell and construction of a New Band Shell Structure

**BOND**
Date: December 18, 2019
*(Not earlier than Construction Contract Date)*
Amount: $1,129,794.00
Modifications to this Bond: ☐ None ☒ See Section 16

**CONTRACTOR AS PRINCIPAL**
Company: Serenus Johnson & Son Construction Co., Inc.
*(Corporate Seal)*

Signature: *Bill Woolwine L.*
Name
and Title: *Bill Woolwine, SR. President*
*(Any additional signatures appear on the last page of this Performance Bond.)*

*(FOR INFORMATION ONLY – Name, address and telephone)*
**AGENT or BROKER:**

Saginaw Bay Underwriters
1258 S. Washington Ave.
Saginaw, MI 48601

**SURETY:**
*(Name, legal status and principal place of business)*
**Westfield Insurance Company**
1 Park Circle, PO Box 5001
Westfield Center, OH 44251-5001

**SURETY**
Company: **Westfield Insurance Company**
*(Corporate Seal)*

Signature:
Name Peggy A. Maschke
and Title: Attorney-in-Fact

**OWNER'S REPRESENTATIVE:**
*(Architect, Engineer or other party:)*

William A. Kibbe & Associates, Inc.
1475 S. Washington Ave.
Saginaw, MI 48601

1

Printed with permission from the American Institute Of Architects (AIA) and the Surety & Fidelity Association of America (SFAA), by Westfield Group®. Westfield Group vouches that the language in the document conforms exactly to the language used in AIA Document A312™ 2010.

BD 5971 MICHIGAN (10/2010)

**7**  If the Surety elects to act under Section 5.1, 5.2 or 5.3, then the responsibilities of the Surety to the Owner shall not be greater than those of the Contractor under the Construction Contract, and the responsibilities of the Owner to the Surety shall not be greater than those of the Owner under the Construction Contract.  Subject to the commitment by the Owner to pay the Balance of the Contract Price, the Surety is obligated, without duplication, for

.1  the responsibilities of the Contractor for correction of defective work and completion of the Construction Contract;

.2  additional legal, design professional and delay costs resulting from the Contractor's Default, and resulting from the actions or failure to act of the Surety under Section 5; and

.3  liquidated damages, or if no liquidated damages are specified in the Construction Contract, actual damages caused by delayed performance or non-performance of the Contractor.

**8**  If the Surety elects to act under Section 5.1, 5.3 or 5.4, the Surety's liability is limited to the amount of this Bond.

**9**  The Surety shall not be liable to the Owner or others for obligations of the Contractor that are unrelated to the Construction Contract, and the Balance of the Contract Price shall not be reduced or set off on account of any such unrelated obligations.  No right of action shall accrue on this Bond to any person or entity other than the Owner or its heirs, executors, administrators, successors and assigns.

**10**  The Surety hereby waives notice of any change, including changes of time, to the Construction Contract or to related subcontracts, purchase orders and other obligations.

**11**  Any proceeding, legal or equitable, under this Bond may be instituted in any court of competent jurisdiction in the location in which the work or part of the work is located and shall be instituted within two years after a declaration of Contractor Default or within two years after the Contractor ceased working or within two years after the Surety refuses or fails to perform its obligations under this Bond, whichever occurs first.  If the provisions of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable.

**12**  Notice to the Surety, the Owner or the Contractor shall be mailed or delivered to the address shown on the page on which their signature appears.

**13**  When this Bond has been furnished to comply with a statutory or other legal requirement in the location where the construction was to be performed, any provision in this Bond conflicting with said statutory or legal requirement shall be deemed deleted herefrom and provisions conforming to such statutory or other legal requirement shall be deemed incorporated herein.  When so furnished, the intent is that this Bond shall be construed as a statutory bond and not as a common law bond.

**14  Definitions**

**14.1 Balance of the Contract Price.**  The total amount payable by the Owner to the Contractor under the Construction Contract after all proper adjustments have been made, including allowance to the Contractor of any amounts received or to be received by the Owner in settlement of insurance or other claims for damages to which the Contractor is entitled, reduced by all valid and proper payments made to or on behalf of the Contractor under the Construction Contract.

**14.2 Construction Contract.**  The agreement between the Owner and Contractor identified on the cover page, including all Contract Documents and changes made to the agreement and the Contract Documents.

**14.3 Contractor Default.**  Failure of the Contractor, which has not been remedied or waived, to perform or otherwise to comply with a material term of the Construction Contract.

**14.4 Owner Default.**  Failure of the Owner, which has not been remedied or waived, to pay the Contractor as required under the Construction Contract or to perform and complete or comply with the other material terms of the Construction Contract.

**14.5 Contract Documents.**  All the documents that comprise the agreement between the Owner and Contractor.

**15**  If this Bond is issued for an agreement between a Contractor and subcontractor, the term Contractor in this Bond shall be deemed to be Subcontractor and the term Owner shall be deemed to be Contractor.

Printed with permission from the American Institute Of Architects (AIA) and the Surety & Fidelity Association of America (SFAA), by Westfield Group®.  Westfield Group vouches that the language in the document conforms exactly to the language used in AIA Document A312™ 2010.

BD 5971 MICHIGAN (10/2010)

# Westfield Insurance Company

**Westfield Group®** 1 Park Circle, PO Box 5001, Westfield Center, Ohio  44251-5001

**Bond No.** 9866841

*Conforms to Document A312™ - 2010*

## Payment Bond

**CONTRACTOR:**
*(Name, legal status and address)*
Serenus Johnson & Son Construction Co., Inc.

5178 S. Kasemeyer

Bay City, MI  48706

**OWNER**:
*(Name, legal status and address)*
City of Bay City, thru Bay City State Theatre

913 Washington Ave.

Bay City, MI  48708

**SURETY:**
*(Name. legal status and principal place of business)*
**Westfield Insurance Company**
1 Park Circle, PO Box 5001

Westfield Center, OH 44251-5001

**CONSTRUCTION CONTRACT**
Date:    November 26, 2019
Amount:   $1,129,794.00
Description:
*(Name and location)*    Bay City Wenonah Park - Phase 2 - New Band Shell, Bay City, Michigan
Demolition of the existing Band Shell and construction of a New Band Shell Structure

**BOND**
Date: December 18, 2019
*(Not earlier than Construction Contract Date)*
Amount: $1,129,794.00
Modifications to this Bond:    ☐ None    ☒ See Section 15

**CONTRACTOR AS PRINCIPAL**
Company: Serenus Johnson & Son Construction Co., Inc.
*(Corporate Seal)*

**SURETY**
Company:    **Westfield Insurance Company**
*(Corporate Seal)*

Signature: *Bill Wolwine p.*
    Name
and Title: *Bill Wolwine, Sr. Pres.Dent*
*(Any additional signatures appear on the last page of this Payment Bond.)*

Signature:
    Name Peggy A. Maschke
and Title: Attorney-in-Fact

*(FOR INFORMATION ONLY – Name, address and telephone)*
**AGENT or BROKER:**

Saginaw Bay Underwriters
1258 S. Washington Ave.
Saginaw, MI  48601

**OWNER'S REPRESENTATIVE:**
*(Architect, Engineer or other party:)*
William A. Kibbe & Associates, Inc.
1475 S. Washington Ave.
Saginaw, MI  48601

5

Printed with permission from the American Institute Of Architects (AIA) and the Surety Association of America (SFAA), by Westfield Group®.  Westfield Group vouches that the language in the document conforms exactly to the language used in AIA Document A312™ 2010.

BD 5971 MICHIGAN (10/2010)

## 13  Definitions

**13.1  Claim.**  A written statement by the Claimant including at a minimum:

    .1  the name of the Claimant;

    .2  the name of the person for whom the labor was done, or materials or equipment furnished;

    .3  a copy of the agreement or purchase order pursuant to which labor, materials or equipment was furnished for use in the performance of the Construction Contract;

    .4  a brief description of the labor, materials or equipment furnished;

    .5  the date on which the Claimant last   performed labor or last furnished materials or equipment for use in the performance of the Construction Contract;

    .6  the total amount earned by the Claimant for labor, materials or equipment furnished as of the date of the Claim;

    .7  the total amount of previous payments received by the Claimant; and

    .8  the total amount due and unpaid to the Claimant for labor, materials or equipment furnished as of the date of the Claim.

**13.2  Construction Contract.**  The agreement between the Owner and Contractor identified on the cover page, including all Contract Documents and all changes made to the agreement and the Contract Documents.

**13.3  Owner Default.**  Failure of the Owner, which has not been remedied or waived, to pay the Contractor as required under the Construction Contract or to perform and complete or comply with the other material terms of the Construction Contract.

**13.4  Contract Documents.**  All the documents that comprise the agreement between the Owner and Contractor.

**14**  If this Bond is issued for an agreement between a Contractor and subcontractor, the term Contractor in this Bond shall be deemed to be Subcontractor and the term Owner shall be deemed to be Contractor.

**15**  Modifications to this bond are as follows:

This bond is given in compliance with and is subject to all provisions of Michigan Public Act No 213 of the Public Acts of 1963, as amended.  All time limitations, notice requirements and definitions and other terms of said Act are applicable here and in executing this bond, surety does not waive any of such provisions.

As a result of this modification, paragraph 5 was changed.  Paragraphs 5.1, 5.2, 6, 7, 7.1, 7.2, 7.3, 12 and 16.2 were deleted from the original A312 document to be in compliance with Michigan Public Act Number 213.

*(Space is provided below for additional signatures of added parties, other than those appearing on the cover page.)*

**CONTRACTOR AS PRINCIPAL**

Company: Westfield Insurance Company

                      *(Corporate Seal)*

Signature: *Bill Wooline Jr.*

Name and Title: *Bill Woolworc, Jr. President*

Address
    5178 S. Kasemeyer
    Bay City, MI  48706

**SURETY**

Company:  Serenus Johnson & Son Construction Co., Inc.

                      *(Corporate Seal)*

Signature:

Name and Title: Peggy A. Maschke

Address
    1258 S. Washington Ave.
    Saginaw, MI  48601

7

Printed with permission from the American Institute Of Architects (AIA) and the Surety Association of America (SFAA), by Westfield Group®.  Westfield Group vouches that the language in the document conforms exactly to the language used in AIA Document A312™ 2010.

BD 5971 MICHIGAN (10/2010)

THIS POWER OF ATTORNEY SUPERCEDES ANY PREVIOUS POWER BEARING THIS SAME
POWER # AND ISSUED PRIOR TO 01/10/19, FOR ANY PERSON OR PERSONS NAMED BELOW.

General
Power
of Attorney

POWER NO. **2141812 11**

# Westfield Insurance Co.
# Westfield National Insurance Co.
# Ohio Farmers Insurance Co.
Westfield Center, Ohio

CERTIFIED COPY

*Know All Men by These Presents,* That WESTFIELD INSURANCE COMPANY, WESTFIELD NATIONAL INSURANCE COMPANY and OHIO FARMERS INSURANCE COMPANY, corporations, hereinafter referred to individually as a "Company" and collectively as "Companies," duly organized and existing under the laws of the State of Ohio, and having its principal office in Westfield Center, Medina County, Ohio, do hereby make, constitute and appoint
PETER N. EWEND, JULIE A. DECKER, PEGGY A. MASCHKE, SHELLY L. PIECHOTTE, KIMBERLY S. DEMAND, JOINTLY OR
SEVERALLY

of SAGINAW                    and State of MI its true and lawful Attorney(s)-in-Fact, with full power and authority hereby conferred in its name, place and stead, to execute, acknowledge and deliver **any and all bonds, recognizances, undertakings, or other instruments or contracts of suretyship-** - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
LIMITATION: THIS POWER OF ATTORNEY CANNOT BE USED TO EXECUTE NOTE GUARANTEE, MORTGAGE DEFICIENCY, MORTGAGE GUARANTEE, OR BANK DEPOSITORY BONDS.
and to bind any of the Companies thereby as fully and to the same extent as if such bonds were signed by the President, sealed with the corporate seal of the applicable Company and duly attested by its Secretary, hereby ratifying and confirming all that the said Attorney(s)-in-Fact may do in the premises. Said appointment is made under and by authority of the following resolution adopted by the Board of Directors of each of the WESTFIELD INSURANCE COMPANY, WESTFIELD NATIONAL INSURANCE COMPANY and OHIO FARMERS INSURANCE COMPANY:
"*Be It Resolved,* that the President, any Senior Executive, any Secretary or any Executive & Surety Operations Executive or other Executive shall be and is hereby vested with full power and authority to appoint any one or more suitable persons as Attorney(s)-in-Fact to represent and act for and on behalf of the Company subject to the following provisions:
*The Attorney-in-Fact,* may be given full power and authority for and in the name and on behalf of the Company, to execute, acknowledge and deliver, any and all bonds, recognizances, contracts, agreements of indemnity and other conditional or obligatory undertakings and any and all notices and documents canceling or terminating the Company's liability thereunder, and any such instruments so executed by any such Attorney-in-Fact shall be as binding upon the Company as if signed by the President and sealed and attested by the Corporate Secretary."
"*Be It Further Resolved,* that the signature of any such designated person and the seal of the Company heretofore or hereafter affixed to any power of attorney or any certificate relating thereto by facsimile, and any power of attorney or certificate bearing facsimile signatures or facsimile seal shall be valid and binding upon the Company with respect to any bond or undertaking to which it is attached." (Each adopted at a meeting held on February 8, 2000).
*In Witness Whereof,* WESTFIELD INSURANCE COMPANY, WESTFIELD NATIONAL INSURANCE COMPANY and OHIO FARMERS INSURANCE COMPANY have caused these presents to be signed by their **National Surety Leader and Senior Executive** and their corporate seals to be hereto affixed this **10th** day of JANUARY    A.D., 2019 .

Corporate
Seals
Affixed



WESTFIELD INSURANCE COMPANY
WESTFIELD NATIONAL INSURANCE COMPANY
OHIO FARMERS INSURANCE COMPANY

By: *Dennis P. Baus*

**Dennis P. Baus**, *National Surety Leader and*
*Senior Executive*

State of Ohio
County of Medina        ss.:

On this **10th** day of JANUARY    A.D., 2019 , before me personally came **Dennis P. Baus** to me known, who, being by me duly sworn, did depose and say, that he resides in *Wooster, Ohio;* that he is **National Surety Leader and Senior Executive** of WESTFIELD INSURANCE COMPANY, WESTFIELD NATIONAL INSURANCE COMPANY and OHIO FARMERS INSURANCE COMPANY, the companies described in and which executed the above instrument; that he knows the seals of said Companies; that the seals affixed to said instrument are such corporate seals; that they were so affixed by order of the Boards of Directors of said Companies; and that he signed his name thereto by like order.

Notarial
Seal
Affixed

State of Ohio
County of Medina        ss.:

**David A. Kotnik**, *Attorney at Law,* *Notary Public*
My Commission Does Not Expire (Sec. 147.03 Ohio Revised Code)

I, Frank A. Carrino, Secretary of WESTFIELD INSURANCE COMPANY, WESTFIELD NATIONAL INSURANCE COMPANY and OHIO FARMERS INSURANCE COMPANY, do hereby certify that the above and foregoing is a true and correct copy of a Power of Attorney, executed by said Companies, which is still in full force and effect; and furthermore, the resolutions of the Boards of Directors, set out in the Power of Attorney are in full force and effect.
*In Witness Whereof,* I have hereunto set my hand and affixed the seals of said Companies at Westfield Center, Ohio, this **18th** day of December A.D., 2019





*Frank A. Carrino Secretary*
Frank A. Carrino, *Secretary*

BPOAC2 (combined) (06-02)

# ACORD. CERTIFICATE OF LIABILITY INSURANCE

| DATE (MM/DD/YYYY) |
|---|
| 12/04/2019 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: | | |
|---|---|---|---|
| Saginaw Bay Underwriters | PHONE (A/C, No, Ext): 989 752-8600 | | FAX (A/C, No): |
| Commercial Lines | E-MAIL ADDRESS: | | |
| 1258 S. Washington  P.O. Box 1928 | PRODUCER CUSTOMER ID #: | | |
| Saginaw, MI 48605 | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| INSURED | INSURER A : Amerisure | | |
| Serenus Johnson & Son | INSURER B : Accident Fund Insurance Co. | | |
| Construction Co., Inc. | INSURER C : Peleus Insurance Co. | | |
| 5178 S. Kasemeyer | INSURER D : | | |
| Bay City, MI 48706 | INSURER E : | | |
| | INSURER F : | | |

## COVERAGES        CERTIFICATE NUMBER:        REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | GENERAL LIABILITY | | | CPP208802306 | 07/01/2019 | 07/01/2020 | EACH OCCURRENCE | $1,000,000 |
| | X COMMERCIAL GENERAL LIABILITY | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $100,000 |
| | CLAIMS-MADE  X  OCCUR | | | | | | MED EXP (Any one person) | $10,000 |
| | | | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | | | | | | | GENERAL AGGREGATE | $3,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER | | | | | | PRODUCTS - COMP/OP AGG | $3,000,000 |
| | POLICY  X PRO-JECT   LOC | | | | | | | $ |
| A | AUTOMOBILE LIABILITY | | | CA2088022060 | 07/01/2019 | 07/01/2020 | COMBINED SINGLE LIMIT (Ea accident) | $1,000,000 |
| | X ANY AUTO | | | | | | BODILY INJURY (Per person) | $ |
| | ALL OWNED AUTOS | | | | | | BODILY INJURY (Per accident) | $ |
| | SCHEDULED AUTOS | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | X HIRED AUTOS | | | | | | | $ |
| | X NON-OWNED AUTOS | | | | | | | $ |
| A | X UMBRELLA LIAB  X OCCUR | | | CU2088025060 | 07/01/2019 | 07/01/2020 | EACH OCCURRENCE | $5,000,000 |
| | EXCESS LIAB    CLAIMS-MADE | | | | | | AGGREGATE | $5,000,000 |
| | DEDUCTIBLE | | | | | | | $ |
| | RETENTION  $ | | | | | | | $ |
| B | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY        Y / N | | | WCV6113669 | 07/01/2019 | 07/01/2020 | X WC STATU-TORY LIMITS    OTH-ER | |
| | ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) | N | N/A | | | | E.L. EACH ACCIDENT | $1,000,000 |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $1,000,000 |
| | If yes, describe under DESCRIPTION OF OPERATIONS below | | | | | | E.L. DISEASE - POLICY LIMIT | $1,000,000 |
| C | Professional Liability | | | 121AE000393200 | 05/15/2019 | 05/15/2020 | $2,000,000/$2,000,000 $25,000 Deductible | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach ACORD 101, Additional Remarks Schedule, if more space is required)
**Project: Bay City Wenonah Park, Phase 2 New Band Shell Renovation**
**The City of Bay City its officers and employees, State Theatre and William A. Kibbe & Associates, Inc. are**
**(See Attached Descriptions)**

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| City of Bay City 301 Washington Ave. Bay City, MI 48708 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| | AUTHORIZED REPRESENTATIVE |

© 1988-2009 ACORD CORPORATION. All rights reserved.

## DESCRIPTIONS (Continued from Page 1)

additional Insureds as required by written contract. This coverage shall be primary to the City, and not contributing with any other insurance or similar protection which is or may be available to or carried by the City. (12/19)

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# CONTRACTOR'S BLANKET ADDITIONAL INSURED ENDORSEMENT — FORM A

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

| Policy Number CPP20880230601 | Agency Number 0115279 | Policy Effective Date 07/01/2019 |
|---|---|---|
| Policy Expiration Date 07/01/2020 | Date 06/24/2019 | Account Number 10412724 |
| Named Insured SERENUS JOHNSON & SON CONSTRUCTION CO., INC. | Agency SAGINAW BAY UNDERWRITERS | Issuing Company AMERISURE INSURANCE COMPANY |

1.  a.  **SECTION II - WHO IS AN INSURED** is amended to add as an additional insured any person or organization:

    (1) Whom you are required to add as an additional insured on this policy under a written contract or written agreement relating to your business; or

    (2) Who is named as an additional insured under this policy on a certificate of insurance.

   b.  The written contract, written agreement, or certificate of insurance must:

    (1) Require additional insured status for a time period during the term of this policy; and

    (2) Be executed prior to the "bodily injury", "property damage", or "personal and advertising injury" leading to a claim under this policy.

   c.  If, however:

    (1) "Your work" began under a letter of intent or work order; and

    (2) The letter of intent or work order led to a written contract or written agreement within 30 days of beginning such work; and

    (3) Your customer's customary contracts require persons or organizations to be named as additional insureds;

    we will provide additional insured status as specified in this endorsement.

2.  The insurance provided under this endorsement is limited as follows:

   a.  That person or organization is an additional insured only with respect to liability caused, in whole or in part, by:

    (1) Premises you:

      (a) Own;

      (b) Rent;

      (c) Lease; or

      (d) Occupy;

    (2) Ongoing operations performed by you or on your behalf. Ongoing operations does not apply to "bodily injury" or "property damage" occurring after:

      **(a)** All work to be performed by you or on your behalf for the additional insured(s) at the site of the covered operations is complete, including related materials, parts or equipment (other than service, maintenance or repairs); or

      **(b)** That portion of "your work" out of which the injury or damage arises is put to its intended use by any person or organization other than another contractor working for a principal as a part of the same project.

    **(3)** Completed operations coverage, but only if:

      **(a)** The written contract, written agreement, or certificate of insurance requires completed operations coverage or "your work" coverage; and

      **(b)** This coverage part provides coverage for "bodily injury" or "property damage" included within the "products-completed operations hazard".

   However, the insurance afforded to such additional insured only applies to the extent permitted by law.

**b.** If the written contract, written agreement, or certificate of insurance:

    **(1)** Requires "arising out of" language; or

    **(2)** Requires you to provide additional insured coverage to that person or organization by the use of either or both of the following:

      **(a)** Additional Insured – Owners, Lessees or Contractors – Scheduled Person Or Organization endorsement CG 20 10 10 01; or

      **(b)** Additional Insured – Owners, Lessees or Contractors – Completed Operations endorsement CG 20 37 10 01;

   then the phrase "caused, in whole or in part, by" in paragraph **2.a.** above is replaced by "arising out of".

**c.** If the written contract, written agreement, or certificate of insurance requires you to provide additional insured coverage to that person or organization by the use of:

    **(1)** Additional Insured – Owners, Lessees or Contractors – Scheduled Person Or Organization endorsement CG 20 10 07 04 or CG 20 10 04 13; or

    **(2)** Additional Insured – Owners, Lessees or Contractors – Completed Operations endorsement CG 20 37 07 04 or CG 20 37 04 13; or

    **(3)** Both those endorsements with either of those edition dates; or

    **(4)** Either or both of the following:

      **(a)** Additional Insured – Owners, Lessees or Contractors – Scheduled Person Or Organization endorsement CG 20 10 without an edition date specified; or

      **(b)** Additional Insured – Owners, Lessees or Contractors – Completed Operations endorsement CG 20 37 without an edition date specified;

   then paragraph **2.a.** above applies.

**d.** Premises, as respects paragraph **2.a.(1)** above, include common or public areas about such premises if so required in the written contract or written agreement.

**e.** Additional insured status provided under paragraphs **2.a.(1)(b)** or **2.a.(1)(c)** above does not extend beyond the end of a premises lease or rental agreement.

**f.** The limits of insurance that apply to the additional insured are the least of those specified in the:

    **(1)** Written contract;

    **(2)** Written agreement;

    **(3)** Certificate of insurance; or

    **(4)** Declarations of this policy.

   The limits of insurance are inclusive of and not in addition to the limits of insurance shown in the Declarations.

Includes copyrighted material of Insurance Services Office, Inc.

CG 70 48 10 15

g.  The insurance provided to the additional insured does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of an architect's, engineer's, or surveyor's rendering of, or failure to render, any professional services, including but not limited to:

(1) The preparing, approving, or failing to prepare or approve:

    (a) Maps;

    (b) Drawings;

    (c) Opinions;

    (d) Reports;

    (e) Surveys;

    (f) Change orders;

    (g) Design specifications; and

(2) Supervisory, inspection, or engineering services.

h.  **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**, paragraph **4. Other Insurance** is deleted with and replaced with the following:

*4.  Other Insurance.*

Coverage provided by this endorsement is excess over any other valid and collectible insurance available to the additional insured whether:

a. Primary;

b. Excess;

c. Contingent; or

d. On any other basis;

but if the written contract, written agreement, or certificate of insurance requires primary and non-contributory coverage, this insurance will be primary and non-contributory relative to other insurance available to the additional insured which covers that person or organization as a Named Insured, and we will not share with that other insurance.

i.  If the written contract, written agreement, or certificate of insurance as outlined above requires additional insured status by use of CG 20 10 11 85, then the coverage provided under this CG 70 48 endorsement does not apply except for paragraph **2.h. Other Insurance**. Additional insured status is limited to that provided by CG 20 10 11 85 shown below and paragraph **2.h. Other Insurance** shown above.

---

### ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS (FORM B)

This endorsement modifies insurance provided under the following:

    COMMERCIAL GENERAL LIABILITY COVERAGE PART.

### SCHEDULE

**Name of Person or Organization:** Blanket Where Required by Written Contract, Agreement, or Certificate of Insurance that the terms of CG 20 10 11 85 apply

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of "your work" for that insured by or for you.

**CG 20 10 11 85**    Copyright, Insurance Services Office, Inc., 1984

---

J.   The insurance provided by this endorsement does not apply to any premises or work for which the person or organization is specifically listed as an additional insured on another endorsement attached to this policy.

Includes copyrighted material of Insurance Services Office, Inc.

CG 70 48 10 15



SERENUS **johnson** CONSTRUCTION

BUILDING INTO THE NEXT CENTURY

5178 KASEMEYER RD.
P.O. BOX 800
BAY CITY, MI 48707-0800
989.686.1900
FAX: 989.686.9970
www.serenusjohnson.com

December 30, 2019

Don Haeger, RA, AIA
William A. Kibbe & Associates, Inc.
1475 S. Washington Ave.
Saginaw, MI 48708

RE: Wenonah Park Phase 2- New Band Shell Renovation Project- Schedule of Values

Don,

Based on our conversation we would like to submit a new schedule of values for the above-mentioned project as described below:

| | | |
|---|---|---|
| • | General Conditions | $ 119,307 |
| • | Bonds & Permits | $ 21,182 |
| • | Demolition | $ 29,800 |
| • | Site Construction | $ 175,414 |
| • | Concrete | $ 129,855 |
| • | Masonry | $ 53,326 |
| • | Metals | $ 344,677 |
| • | Wood & Plastics | $ 76,140 |
| • | Thermal & Moisture Protection | $ 148,610 |
| • | Doors & Windows | $ 16,676 |
| • | Finishes | $ 11,807 |
| • | Construction Staking Allowance | $ 3,000 |
| • | Total | $1,129,794.00 |

We have requested that retainage would not be held on the General Conditions or the Bonds& Permits line items. Our General Conditions includes the following items: Mobilization/Demob., Field Superintendent, Site phone/computer, Deliveries, Storage Trailer, Temp. Toilet/Handwash, Contractor Owned Equipment, Temp. Barricades, Safety Equipment-PPE, General Cleanup and Dumpsters.

If you have any questions, please feel free to contact me.

Thank you,

*Bill Woolwine J.*

Bill Woolwine, Jr. President

Serenus Johnson Construction, INC.



# EXHIBIT 4

TO OWNER/CLIENT:

City of Bay City

FROM CONTRACTOR:

Serenus Johnson Construction
5178 Kasemeyer Road
Bay City, Michigan 48707

CONTRACT FOR: Wenonah Park Phase 2

PROJECT:

Wenonah Park-Band Shell Reno
801 N. Water Street
Bay City, Michigan 48708

VIA ARCHITECT/ENGINEER:

Don Haeger (William A. Kibbe)
1475 S. Washington Ave.
Saginaw, Michigan 48601

**APPLICATION NO:** 4
**INVOICE NO:** 18037
**PERIOD:** 04/01/20 - 04/30/20
**PROJECT NO:** 19-460
**CONTRACT DATE:** 11/25/2019

## CONTRACTOR'S APPLICATION FOR PAYMENT

Application is made for payment, as shown below, in connection with the Contract. Continuation Sheet is attached.

| | | |
|---|---|---|
| 1. Original Contract Sum | | $1,129,794.00 |
| 2. Net change by change orders | | $271,941.58 |
| 3. Contract Sum to date (Line 1 ± 2) | | $1,401,735.58 |
| 4. Total completed and stored to date (Column G on detail sheet) | | $542,616.16 |
| 5. Retainage: | | |
| a. 7.833% of completed work | $42,489.52 | |
| b. 0.000% of stored material | $0.00 | |
| Total retainage (Line 5a + 5b or total in column 1 of detail sheet) | | $42,489.52 |
| 6. Total earned less retainage (Line 4 less Line 5 Total) | | $500,126.64 |
| 7. Less previous certificates for payment (Line 6 from prior certificate) | | $281,819.58 |
| 8. Current payment due: | | $218,307.08 |
| 9. Balance to finish, including retainage (Line 3 less Line 6) | | $901,608.94 |

| CHANGE ORDER SUMMARY | ADDITIONS | DEDUCTIONS |
|---|---|---|
| Total changes approved in previous months by Owner/Client: | $41,688.15 | ($4,010.00) |
| Total approved this month: | $234,262.43 | $0.00 |
| Totals: | $275,951.58 | ($4,010.00) |
| Net change by change orders: | $271,941.58 | |

∦ paid with change order 43544 3

The undersigned certifies that to the best of the Contractor's knowledge, information and belief, the Work covered by this Application for Payment has been completed in accordance with the Contract Documents, that all amounts have been paid by the Contractor for Work which previous Certificates for payment were issued and payments received from the Owner/Client, and that current payments shown herein is now due.

CONTRACTOR: Serenus Johnson Construction

By: _____     Date: 4/28/2020

State of Mi.
County of Bay

Subscribed and sworn to before
me this 28th day of April, 2030

Notary Public: Melynee M. Lehr
My commission expires: 11-30-2035

## ARCHITECT/ENGINEER'S CERTIFICATE FOR PAYMENT

In accordance with the Contract Documents, based on the on-site observations and the data comprising this application, the Architect/Engineer certifies to the Owner/Client that to the best of the Architect/Engineer's knowledge, information and belief, that Work is in accordance with the Contract Documents, and the Contractor is entitled to payment of the AMOUNT CERTIFIED.

AMOUNT CERTIFIED: ............................................. $218,307.08

(Attach explanation if amount certified differs from the amount applied for. Initial all figures on this Application and on the Continuation Sheet that are changed to confirm the amount certified.)

ARCHITECT/ENGINEER: William A. Haeger     Date: 5-5-2020

By:

This certificate is not negotiable. The amount certified is payable only to the Contractor named herein. Issuance, payment and acceptance of payment are without prejudice to the rights of the Owner/Client or Contractor under this Contract.



Frankenmuth Credit Union
580 N. Main St.
Frankenmuth, MI 48734
(989) 497-1600

CASHIER'S CHECK

74-80137/724    425443

Memo: STATE THEATRE OF BAY CITY

VOID AFTER 180 DAYS
7/02/20    $****218,307.08

PAY    TWO HUNDRED EIGHTEEN THOUSAND THREE HUNDRED SEVEN & 08/100 *****************

TO THE
ORDER OF    SERENUS JOHNSON CONSTRUCTION

Authorized Signature

⑈000425443⑈ ⑆072480137⑆ ⑈000999⑈1211050⑈

THE REVERSE SIDE OF THIS DOCUMENT INCLUDES AN ARTIFICIAL WATERMARK - HOLD AT AN ANGLE TO VIEW

FRANKENMUTH CREDIT UNION    CHECK NO. C1- 425443

DATE..: 7/02/20
PAY TO: SERENUS JOHNSON CONSTRUCTION
LOCATION...: 17
TELLER ID..: L2
G/L ACCOUNT.: 901.11
CHECK TYPE.: TE
REMITTER...: STATE THEATRE OF BAY CITY

BANK G/L..........: 745.15
AMOUNT............: 218,307.08
DESCRIPTION.......: BUSINESS WEALTH B

SERENUS JOHNSON CONSTRUCTION

19-460

SERENUS JOHNSON CONSTRUCTION

Serenus Johnson Construction

# 4

# EXHIBIT 5

APPLICATION AND CERTIFICATE FOR PAYMENT

DOCUMENT SUMMARY SHEET

TO OWNER/CLIENT:
City of Bay City

PROJECT:
Wenonah Park-Band Shell Reno
801 N. Water Street
Bay City, Michigan 48708

APPLICATION NO: 5
INVOICE NO: 5
PERIOD: 05/01/20 - 05/22/20
PROJECT NO: 19-460

FROM CONTRACTOR:
Serenus Johnson Construction
5178 Kasemeyer Road
Bay City, Michigan 48707

VIA ARCHITECT/ENGINEER:
Don Haeger (William A. Kibbe)
1475 S. Washington Ave.
Saginaw, Michigan 48601

CONTRACT DATE: 11/28/2019

CONTRACT FOR: Wenonah Park Phase 2

CONTRACTOR'S APPLICATION FOR PAYMENT

Application is made for payment, as shown below, in connection with the Contract. Continuation Sheet is attached.

1. Original Contract Sum ........................................... $1,129,794.00

2. Net change by change orders .................................... $313,669.94

3. Contract Sum to date (Line 1 ± 2) .............................. $1,443,463.94

4. Total completed and stored to date
   (Column G on detail sheet) .................................... $1,008,373.81

5. Retainage:
   a. 6.60% of completed work ....................... $66,520.22
   b. 0.00% of stored material ...................... $0.00
   Total retainage
   (Line 5a + 5b or total in column I of detail sheet) ........... $66,520.22

6. Total earned less retainage
   (Line 4 less Line 5 Total) ..................................... $941,853.59

7. Less previous certificates for payment
   (Line 6 from prior certificate) ................................ $500,126.64

8. Current payment due:
   (Line 6 less prior certificate) ................................ $441,726.95

9. Balance to finish, including retainage
   (Line 3 less Line 6) ........................................... $501,610.35

| CHANGE ORDER SUMMARY | ADDITIONS | DEDUCTIONS |
|---|---|---|
| Total changes approved in previous months by Owner/Client: | $275,951.58 | ($4,010.00) |
| Total approved this month: | $41,728.36 | $0.00 |
| Totals: | $317,679.94 | ($4,010.00) |
| Net change by change orders: | $313,669.94 | |

The undersigned certifies that to the best of the Contractor's knowledge, information and belief, the Work covered by this Application for Payment has been completed in accordance with the Contract Documents, that all amounts have been paid by the Contractor for Work which previous Certificates for payment were issued and payments received from the Owner/Client, and that current payment shown herein is now due.

CONTRACTOR: Serenus Johnson Construction

By: _____ Date: 5-31-2020

State of: Mi
County of: Bay
Subscribed and sworn to before
me this 31st day of May, 2020
Notary Public: _____
My commission expires: 11-30-2025

ARCHITECT'S/ENGINEER'S CERTIFICATE FOR PAYMENT

In accordance with the Contract Documents, based on the on-site observations and the data comprising this application, the Architect/Engineer certifies to the Owner/Client that to the best of the Architect's/Engineer's knowledge, information and belief that Work is in accordance with the Contract Documents, and the Contractor is entitled to payment of the AMOUNT CERTIFIED.

AMOUNT CERTIFIED: ........................................ $441,726.95
(Attach explanation if amount certified differs from the amount applied for. Initial all figures on this Application and on the Continuation Sheet that are changed to confirm the amount certified.)

ARCHITECT/ENGINEER: _____

By: _____ Date: 6-17-20

This certificate is not negotiable. The amount certified is payable only to the Contractor named herein. Issuance, payment and acceptance of payment are without prejudice to the rights of the Owner/Client or Contractor under this Contract.

24-20261-dob    Doc 106    Filed 12/09/24    Entered 12/09/24 11:55:42    Page 46 of 54

FOR SECURITY PURPOSES THE FACE OF THIS DOCUMENT CONTAINS A COLORED BACKGROUND AND MICROPRINTING



Frankenmuth Credit Union
580 N. Main St.
Frankenmuth, MI 48734
(989) 497-1600

**Your Hometown Banking Solution!**

CASHIER'S CHECK

74-8013/2724

**425544**

VOID AFTER 180 DAYS

Memo: STATE THEATRE OF BAY CITY      7/03/20      $****225,000.00

PAY   TWO HUNDRED TWENTY FIVE THOUSAND & 00/100 *******************************

TO THE
ORDER OF      SERENUS JOHNSON CONSTRUCTION

_Uuluie Schmitz_ CEO
Authorized Signature

THE REVERSE SIDE OF THIS DOCUMENT INCLUDES AN ARTIFICIAL WATERMARK - HOLD AT AN ANGLE TO VIEW

⑈'0004 25544⑈' ⑆272480 13 1⑈ 1000999 11 2 1 1 105⑈'

---

**FRANKENMUTH CREDIT UNION**                    CHECK NO. C1-   425544

DATE..:  7/03/20                                BANK G/L.........: 745.15
PAY TO: SERENUS JOHNSON CONSTRUCTION
LOCATION.....: 17                               AMOUNT...........:   225,000.00
TELLER ID....: L2
G/L ACCOUNT..: 901.11                           DESCRIPTION......: BUSINESS WEALTH B
CHECK TYPE...: TE
REMITTER.....: STATE THEATRE OF BAY CITY

        SERENUS JOHNSON CONSTRUCTION

                                    Partial Pymt
                                    Pry Application #5
                                    Balance Due on Pry App #5
                                       #216,726.95

      19-460

Partial payment

                                            ENTERED

                                            JUL 07 2020

                                        Serenus Johnson Construction

                    RECEIVED
                    JUL 06 2020        #5
                SERENUS JOHNSON CONST.

# EXHIBIT 6

# APPLICATION AND CERTIFICATE FOR PAYMENT

TO OWNER/CLIENT:

City of Bay City

**PROJECT:**
Wenonah Park-Band Shell Reno
801 N. Water Street
Bay City, Michigan 48708

**APPLICATION NO:** 5
**INVOICE NO:** 5
**PERIOD:** 05/01/20 - 05/20/20
**PROJECT NO:** 19-460
**CONTRACT DATE:** 11/28/2019

FROM CONTRACTOR:
Serenus. Johnson Construction
5178 Kasemeyer Road
Bay City, Michigan 48707

**VIA ARCHITECT/ENGINEER:**
Don Haeger (William A. Kibbe)
1475 S. Washington Ave.
Saginaw, Michigan 48601

CONTRACT FOR: Wenonah Park Phase 2

## CONTRACTOR'S APPLICATION FOR PAYMENT

Application is made for payment, as shown below, in connection with the Contract. Continuation Sheet is attached.

The undersigned certifies that to the best of the Contractor's knowledge, information and belief, the Work covered by this Application for Payment has been completed in accordance with the Contract Documents, that all amounts have been paid by the Contractor for Work which previous Certificates for payment were issued and payments received from the Owner/Client, and that current payments shown herein is now due.

| | | |
|---|---|---|
| 1. | Original Contract Sum | $1,128,794.00 |
| 2. | Net change by change orders | $313,669.94 |
| 3. | Contract Sum to date (Line 1 ± 2) | $1,443,463.94 |
| 4. | Total completed and stored to date (Column G on detail sheet) | $1,008,373.81 |
| 5. | Retainage: | |
| | a. 6.60% of completed work | $66,520.22 |
| | b. 0.00% of stored material | $0.00 |
| | Total retainage (Line 5a + 5b or total in column I of detail sheet) | $66,520.22 |
| 6. | Total earned less retainage (Line 4 less Line 5 Total) | $941,853.59 |
| 7. | Less previous certificates for payment (Line 6 from prior certificate) | $500,126.64 |
| 8. | Current payment due: | $441,726.95 |
| 9. | Balance to finish, including retainage (Line 3 less Line 6) | $501,610.35 |

CONTRACTOR: Serenus Johnson Construction

Date: 5-31-2020

State of: *Mi*
County of: *Bay*
Subscribed and sworn to before me this 31 *st* day of *May*, 2020
Notary Public: *Melynnie M. Baur*
My commission expires: 11-30-2025

## ARCHITECT'S/ENGINEER'S CERTIFICATE FOR PAYMENT

In accordance with the Contract Documents, based on the on-site observations and the data comprising this application, the Architect/Engineer certifies to the Owner/Client that to the best of the Architect's/Engineer's knowledge, information and belief that Work is in accordance with the Contract Documents, and the Contractor is entitled to payment of the AMOUNT CERTIFIED.

AMOUNT CERTIFIED: **$441,726.95**
(Attach explanation if amount certified differs from the amount applied for. Initial all figures on this Application and on the Continuation Sheet that are changed to confirm the amount certified.)

ARCHITECT/ENGINEER:

Date: 6-17-20

By:

This certificate is not negotiable. The amount certified is payable only to the Contractor named herein. Issuance, payment and acceptance of payment are without prejudice to the rights of the Owner/Client or Contractor under this Contract.

## CHANGE ORDER SUMMARY

| | ADDITIONS | DEDUCTIONS |
|---|---|---|
| Total changes approved in previous months by Owner/Client: | $275,951.58 | $(4,010.00) |
| Total approved this month: | $41,728.36 | $0.00 |
| Totals: | $317,679.94 | $(4,010.00) |
| Net change by change orders: | $313,669.94 | |

*P.O. 7/3/20*
*$225,000 -*
*P.O. 7/27/2020 FCO*
*P.O - 7/27/2020 $216,726.95*

TO OWNER/CLIENT:
City of Bay City

FROM CONTRACTOR:
Serenus Johnson Construction
5178 Kaserroy of Road
Bay City, Michigan 48707

CONTRACT FOR: Wenonah Park Phase 2

PROJECT:
Wenonah Park-Band Shell Reno
801 N Water Street
Bay City Michigan 48708

VIA ARCHITECT/ENGINEER:
Don Hanger (William A. Kibbe)
1475 S. Washington Ave
Saginaw, Michigan 48601

APPLICATION NO: 6   1 8 3 1 9
INVOICE NO: 6
PERIOD: 06/01/20 - 06/30/20
PROJECT NO: 19-460
CONTRACT DATE: 11/26/2019

*(handwritten:)* P.C. 7/27/2020   # 61,338.90   fou

*(handwritten at top:)* jfb

---

CONTRACTOR'S APPLICATION FOR PAYMENT

Application is made for payment, as shown below, in connection with the Contract. Continuation Sheet is attached.

| | | |
|---|---|---|
| 1. | Original Contract Sum | $1,129,794.00 |
| 2. | Net change by change orders | $313,669.94 |
| 3. | Contract Sum to date (Line 1 ± 2) | $1,443,463.94 |
| 4. | Total completed and stored to date (Column G on detail sheet) | $1,078,731.81 |
| 5. | Retainage: | |
| | a. 6.62% of completed work | $70,589.32 |
| | b. 0.00% of stored material | $0.00 |
| | Total retainage (Line 5a + 5b or total in column I of detail sheet) | $70,589.32 |
| 6. | Total earned less retainage (Line 4 less Line 5 Total) | $1,008,192.49 |
| 7. | Less previous certificates for payment (Line 6 from prior certificate) | $941,853.59 |
| 8. | Current payment due: | $66,338.90 |
| 9. | Balance to finish, including retainage (Line 3 less Line 6) | $435,271.45 |

| CHANGE ORDER SUMMARY | ADDITIONS | DEDUCTIONS |
|---|---|---|
| Total changes approved in previous months by Owner/Client: | $317,679.94 | $(4,010.00) |
| Total approved this month: | $0.00 | $0.00 |
| Totals: | $317,679.94 | $(4,010.00) |
| Net change by change orders | $313,669.94 | |

---

The undersigned certifies that to the best of the Contractor's knowledge, information and belief, the Work covered by this Application for Payment has been completed in accordance with the Contract Documents, that all amounts have been paid by the Contractor for Work which previous Certificates for payment were issued and payments received from the Owner/Client, and that current payments shown herein is now due.

CONTRACTOR: Serenus Johnson Construction

By: *(signature)*     Date: 6/29/2020

State of: Mi
County of: Bay

Subscribed and sworn to before me this 2qrm day of June, 2020.
Notary Public: Malynne M. Bota
My commission expires: 11-30-2025

---

ARCHITECT'S/ENGINEER'S CERTIFICATE FOR PAYMENT

In accordance with the Contract Documents, based on the on-site observations and the data comprising this application, the Architect/Engineer certifies to the Owner/Client that to the best of the Architect's/Engineer's knowledge, information and belief that Work is in accordance with the Contract Documents, and the Contractor is entitled to payment of the AMOUNT CERTIFIED.

AMOUNT CERTIFIED: $66,338.90

*(Attach explanation if amount certified differs from the amount applied for. Initial all figures on this Application and on the Continuation Sheet that are changed to confirm the amount certified.)*

ARCHITECT/ENGINEER:

By: *(signature)*     Date: 7/2/20

This certificate is not negotiable. The amount certified is payable only to the Contractor named herein. Issuance, payment and acceptance of payment are without prejudice to the rights of the Owner/Client or Contractor under this Contract.



Frankenmuth Credit Union
580 N. Main St.
Frankenmuth, MI 48734
(989) 497-1600

CASHIER'S CHECK

74-8013/2724

**428175**

Memo: STATE THEATRE OF BAY CITY

VOID AFTER 180 DAYS
07/27/2020    $****283,065.85

PAY    TWO HUNDRED EIGHTY THREE THOUSAND SIXTY FIVE & 85/100 ********************

TO THE
ORDER OF    SERENUS JOHNSON CONSTRUCTION

_Authorized Signature_ CEO

THE REVERSE SIDE OF THIS DOCUMENT INCLUDES AN ARTIFICIAL WATERMARK - HOLD AT AN ANGLE TO VIEW

⑈000428175⑈ ⑆272480131⑆ 1000999112110 5⑈

---

FRANKENMUTH CREDIT UNION

CHECK NO. C1-   428175

DATE..: 07/27/2020
PAY TO: SERENUS JOHNSON CONSTRUCTION
LOCATION.....: 17
TELLER ID....: AM
G/L ACCOUNT..: 901.11
CHECK TYPE...: TE
REMITTER.....: STATE THEATRE OF BAY CITY

BANK G/L.........: 745.15

AMOUNT...........:    283,065.85

DESCRIPTION......: BUSINESS WEALTH B

SERENUS JOHNSON CONSTRUCTION

216,726.95

#5

RECEIVED
JUL 2 7 2020
SERENUS JOHNSON CONST.

ENTERED
JUL 2 7 2020
Serenus Johnson Construction

# EXHIBIT 7

TO OWNER/CLIENT:
City of Bay City

FROM CONTRACTOR:
Serenus Johnson Construction
5178 Kasemeyer Road
Bay City, Michigan 48707

CONTRACT FOR: Wenonah Park, Phase 2

PROJECT:
Wenonah Park-Band Shell Reno
801 N. Water Street
Bay City, Michigan 48708

VIA ARCHITECT/ENGINEER:
Don Haeger (William A. Kibbe)
1175 S. Washington Ave.
Saginaw, Michigan 48601

APPLICATION NO: 7
INVOICE NO: 7 – 18475
PERIOD: 07/01/20 – 07/31/20
PROJECT NO: 19-460
CONTRACT DATE: 11/28/2019

**CONTRACTOR'S APPLICATION FOR PAYMENT**

Application is made for payment, as shown below, in connection with the Contract. Continuation Sheet is attached.

| | | |
|---|---|---|
| 1. | Original Contract Sum | $1,125,794.00 |
| 2. | Net change by change orders | $310,843.70 |
| 3. | Contract Sum to date (Line 1 ± 2) | $1,440,437.70 |
| 4. | Total completed and stored to date (Column G on detail sheet) | $1,341,041.87 |
| 5. | Retainage: | |
| | a. 6.75% of completed work | $90,491.60 |
| | b. 0.00% of stored material | $0.00 |
| | Total retainage (Line 5a + 5b or total in column I of detail sheet) | $90,491.60 |
| 6. | Total earned less retainage (Line 4 less Line 5 Total) | $1,250,550.27 |
| 7. | Less previous certificates for payment (Line 6 from prior certificate) | $1,008,192.84 |
| 8. | Current payment due: | $242,357.75 |
| 9. | Balance to finish, including retainage (Line 3 less Line 6) | $189,887.43 |

**CHANGE ORDER SUMMARY**

| | ADDITIONS | DEDUCTIONS |
|---|---|---|
| Total changes approved in previous months by Owner/Client | $317,679.94 | $(4,010.00) |
| Total approved this month: | $4,370.27 | $(7,396.51) |
| Totals | $322,050.21 | $(11,406.51) |
| Net change by change orders: | $310,843.70 | |

The undersigned certifies that to the best of the Contractor's knowledge, information and belief, the Work covered by this Application for Payment has been completed in accordance with the Contract Documents, that all amounts have been paid by the Contractor for Work which previous Certificates for payment were issued and payments received from the Owner/Client, and that current payments shown herein is now due.

CONTRACTOR: Serenus Johnson Construction

By: _____  Date: 7-30-2020

State of: *Mi*
County of: *Bay*
Subscribed and sworn to before
me this  30th  day of  July, 2020
Notary Public: *Melynne M. Roen*
My commission expires:  11-20-2025

**ARCHITECT'S/ENGINEER'S CERTIFICATE FOR PAYMENT**

In accordance with the Contract Documents, based on the on-site observations and the data comprising this application, the Architect/Engineer certifies to the Owner/Client that to the best of the Architect's/Engineer's knowledge, information and belief that Work is in accordance with the Contract Documents, and the Contractor is entitled to payment of the AMOUNT CERTIFIED.

AMOUNT CERTIFIED: _____ $242,357.78

(Attach explanation if amount certified differs from the amount applied for. Initial all figures on this Application and on the Continuation Sheet that are changed to confirm the amount certified.)

ARCHITECT/ENGINEER:

By: _____  Date: 8-16-2020

This certificate is not negotiable. The amount certified is payable only to the Contractor named herein. Issuance, payment and acceptance of payment are without prejudice to the rights of the Owner/Client or Contractor under this Contract.



Frankenmuth Credit Union
580 N. Main St.
Frankenmuth, MI 48734
(989) 497-1600

CASHIER'S CHECK

74-8013/2724          **432469**

VOID AFTER 180 DAYS

Memo: STATE THEATRE OF BAY CITY          09/02/2020          $****242,357.78

**PAY**  TWO HUNDRED FORTY TWO THOUSAND THREE HUNDRED FIFTY SEVEN & 78/100 ******

TO THE
ORDER OF          SERENUS JOHNSON CONSTRUCTION

_Archie Schmitz_ CEO
Authorized Signature

THE REVERSE SIDE OF THIS DOCUMENT INCLUDES AN ARTIFICIAL WATERMARK - HOLD AT AN ANGLE TO VIEW

⑈000432469⑈ ⑆272480131⑆ 10009991121105⑈

---

FRANKENMUTH CREDIT UNION          CHECK NO. C1-  432469

DATE..: 09/02/2020
PAY TO: SERENUS JOHNSON CONSTRUCTION
LOCATION.....: 17
TELLER ID....: LT
G/L ACCOUNT..: 901.11
CHECK TYPE...: TE
REMITTER.....: STATE THEATRE OF BAY CITY

BANK G/L.........: 745.15

AMOUNT...........:          242,357.78

DESCRIPTION......: BUSINESS WEALTH B

          SERENUS JOHNSON CONSTRUCTION

SERENUS JOHNSON CONST,

19-460

Serenus Johnson Construction

#17

9-2